# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DAVID T. GILCHRIST,

        Plaintiff,

v.

FIRST NATIONAL BANK OF OMAHA, et al.,

        Defendants.

CASE NO. C17-5104 MJP

ORDER ON DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

The above-entitled court, having received and reviewed:

1. Defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. No. 23)
2. Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. No. 27);
3. Defendants' Reply on rule 12(b)(6) Motion to Dismiss (Dkt. No. 28);

all attached declarations and exhibits; and all relevant portions of the records, rules as follows:

IT IS ORDERED that the Court GRANTS Defendants' request for judicial notice of the underlying litigation related to this matter.

IT IS FURTHER ORDERED that Plaintiff's claims are DISMISSED with prejudice.

**Request for Judicial Notice**

While the Court may generally not consider any material outside the pleadings in an FRCP 12(b)(6) proceeding, pursuant to Fed.R.Evid. 201, judicial notice may be taken of "'documents whose contents are alleged in a complaint and whose authenticity no party questions,'… [and] matters of public record." Phillips v. World Pub. Co., 822 F.Supp.2d 1114, 1117-18 (W.D. Wash. 2011).

Accordingly, this Court grants Defendants' request that judicial notice be taken of documents filed in the underlying state cases (including Gilchrist v. First National Bank of Omaha, Cowlitz County District Court Cause No. 14-s-125) and a prior federal lawsuit (Gilchrist v. Patenaude & Felix, A.P.C., Case No. 14-5556-RJB, Western District of Washington). While Plaintiff disagrees with the legal theories advanced by Defendants in relation to these cases, he makes no objection that the submitted documents are not a proper subject of judicial notice.

**Background**

Plaintiff's complaint alleges that he was contacted multiple times during February and March of 2013 by Defendant First National Bank of Omaha ("the Bank") regarding money which the Bank claimed was owed by him. (Dkt. No. 21, Second Amended Complaint ("SAC"), ¶¶ 6-10.) Following that, he alleges that the Bank retained Defendant Patenaude & Felix ("Patenaude," "PFMB") as collection agents for the money. (SAC, ¶¶ 11-12.)

On February 14, 2014, in Cowlitz County Superior Court, Patenaude filed a collection action against Plaintiff on the Bank's behalf (Cause No. 14-2-00156-9). (SAC, ¶ 12; Dkt. No. 24, Decl. of Rosenberg, Exs. 1-2.) On June 8, 2014, Plaintiff filed a small claims case in Cowlitz County District Court against the Bank (Cause No. 14-s-125), alleging a violation of the Telephone Consumer Protection Act ("TCPA"). A month later, he filed a federal lawsuit

alleging that Patenaude had violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). *See* Gilchrist v. Patenaude & Felix, et al., Case No. 14-5556-RJB.

Gilchrist filed his "Answer, Affirmative Defenses, Counterclaims and Jury Demand" in the Cowlitz County Superior Court lawsuit on October 1, 2014. (Decl. of Rosenberg, Ex. 4.)[1] The Bank's suit against Gilchrist was resolved in the Bank's favor with a finding that he had assented to credit agreement with the Bank and owed a certain sum pursuant to that agreement. Gilchrist appealed that judgment to the Washington State Court of Appeals.

On May 26, 2015, by joint motion, the federal claims related to events prior to that date were dismissed with prejudice. (C14-5556-RJB at Dkt. No. 17.) On October 18, 2016, the state Court of Appeals affirmed the Superior Court's grant of summary to the Bank. Gilchrist v. FNOB, 196 Wn.App. 1033.

On February 9, 2017, Plaintiff filed the current litigation. (Dkt. No. 1.) He has amended that complaint twice; the most recent version alleges:

1. A TCPA claim against the Bank. (SAC at ¶¶ 6-10, 32-35.)
2. A FDCPA claim based on the allegation that "Matthew Cheung or some other unknown employee of PFMB… attempted to collect a debt from the Plaintiff in the name of PFMB by procuring the Plaintiff's credit reports from TransUnion and Experian." (SAC at ¶ 30; *see also* ¶¶ 47, 51, 55.)

---

[1] The Court notes that this pleading contains no counterclaim against the Bank for a TCPA violation.

**Discussion**

<u>Applicable legal standard</u>

FRCP 12(b)(6) motions to dismiss will be granted where a complaint either lacks a cognizable legal theory or fails to allege adequate facts under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 606, 699 (9th Cir. 1990). Factual allegations (but not legal conclusions) are deemed true as plead and the complaint is construed in favor of the plaintiff. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).

Where the moving party demonstrates that further amendment of the pleadings would be futile, a court is authorized to dismiss a plaintiff's claims with prejudice. <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004).

<u>TCPA claim</u>

In order to avoid a multiplicity of suits, the Federal Rules of Civil Procedure require:

> A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

FRCP 13(a)(1). The rule "is particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint." <u>Mitchell v. CB Richard Ellis Long Term Disability Plan</u>, 611 F.3d 1192, 1201 (9th Cir. 2010). Failure to plead a compulsory counterclaim results in waiver and a preclusion (under the principle of *res judicata*) from raising it again. <u>Id.</u>

To determine whether a counterclaim falls under the mandate of FRCP 13(a) (i.e., is compulsory), the Ninth Circuit employs the "logical relationship test" under which the term

"transaction" is construed liberally and flexibly. The term "transaction" "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." In re Madigan, 270 B.R. 749, 755 (B.A.P. 9th Cir. 2001).

There is no question in the Court's mind that there is a logical relationship between (1) the credit agreement between the Bank and Plaintiff, (2) the Bank calling Plaintiff to collect on the debt, (3) the Bank's suit against Plaintiff based on the debt and (4) Plaintiff suing the Bank for violations of the TCPA on the basis of the calls. Plaintiff was clearly aware of the calls – he even sued the Bank for TCPA violations in small claims court. Despite that awareness, Plaintiff did not include a TCPA counterclaim in the answer and counterclaims document he filed in the state court case. Nor does Plaintiff allege that such a counterclaim would have required an additional party over whom the superior court could not have acquired jurisdiction.

All of the elements are present for a finding of a compulsory counterclaim under Rule 13(a). The case cited by Plaintiff in support of his argument that the counterclaim is not compulsory – Ginwright v. Exeter Fin. Corp., 2016 WL 5867443 (D.Md. Oct. 6, 2016) – is based on Fourth Circuit authority which employs a different test than here in the Ninth Circuit. The Ginwright opinion even acknowledges that "the 'logical relationship' test, followed by the United States Court of Appeals for the Ninth Circuit… differs from the Fourth Circuit's four-part inquiry." Id. at *5.

This Court is bound by Ninth Circuit precedent and as such is constrained to find that Plaintiff's TCPA cause of action should have been brought as a compulsory counterclaim in the state court action and therefore cannot be raised in a separate lawsuit (such as this one). Plaintiff's motion to dismiss that claim will be granted.

FCRA/FDCPA claims

Plaintiff concedes that these claims arise out of Patenaude's obtaining of his credit report on February 10, 2016 "while in litigation with the Plaintiff." (Dkt. No. 27, Response at 2-3.) That litigation involved the collection of a debt from Plaintiff, and the case authority in both Washington State and the Ninth Circuit is clear: when a debt collector obtains a consumer's credit report in the process of collecting a debt (including a lawsuit for that purpose), there is no FCRA violation. The circumstances in § 1681b of the FCRA under which it is permissible for consumer reporting agencies to furnish credit reports include "the use of consumer reports for debt collection purposes, as long as the obligation owed by the consumer stems from a credit transaction involving the consumer." Rodriguez v. Experian Info. Solutions, Inc., 2016 WL 3976563 at *3 (W.D. Wash. July 25, 2016).

Plaintiff's authority to the contrary is distinguishable on this basis: none of Plaintiff's cases involve credit reports obtained by a creditor's attorney collecting on a debt.[2] A debt collector (including a collector's attorney) who obtains a credit report for purposes of collecting a debt has not violated the FCRA. *See* Landaker v. Bishop, White, Marhall & Weibel, P.S. (2012 WL 6025741 at *6 (W.D. Wash. Dec. 4, 2012). Plaintiff's FCRA claims must be dismissed on that basis.

Concerning Plaintiff's FDCPA claim, even if he had succeeded in adequately pleading an FRCA violation, there is no support for the contention that obtaining a consumer report in violation of the FCRA is a violation of the FDCPA. Robinson v. TSYS Total Debt Mgt., Inc., 447 F.Supp.2d 502, 508 (D.Md. 2006). Plaintiff's position is even less persuasive where no

---

[2] Duncan v. Handmaker, 149 F.3d 424 (6th Cir. 1998)(negligence suit); Rice v. Montgomery Ward, 450 F.Supp. 668 (M.D. N.C. 1978)(Equal Opportunity Act claims); Bakker v. McKinnon, 152 F.3d 1007 (8th Cir. 1998)(dental malpractice); Auriemma v. Montgomery, 860 F.2d 273 (7th Cir. 1988)(discrimination lawsuit); Mone v. Dranow, 945 F.2d 306 (9th Cir. 1991)(unfair competition lawsuit); and so on.

FCRA violation has been successfully plead. Plaintiff presents no argument and no authority in his briefing to support his FDCPA claim, and the Court is entitled to find that the FDCPA issue is waived thereby. *See* Milne v. Hillblom, 165 F.3d 733, 737, n.6 (9th Cir. 1999)(*citing* United States v. Tisor, 96 F.3d 370, 376 (9th Cir. 1996).

Futility of amendment

The Court must consider whether, in the wake of a 12(b)(6) dismissal, to allow Plaintiff a third opportunity to amend his complaint.

> Five factors are take into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing, party, futility of amendment, and whether the plaintiff has previously amended the complaint. *See* Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003). "Futility along can justify the denial of a motion to amend." Id.

Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

Defendants have moved for dismissal with prejudice, arguing that permitting Plaintiff to amend his complaint further would be futile. Plaintiff has requested, should it be determined he has failed to state a claim, that he be given leave to amend. (Response at 11.) However, as Defendants point out, Plaintiff offers no explanation of how he might amend his claims in order to avoid further 12(b)(6) rulings against him.

In fact, it is the finding of this Court that further amendment would be futile. Plaintiff's TCPA claim is a compulsory counterclaim which is now barred – an incurable defect in his pleadings. Regarding Plaintiff's FCRA/FDCPA claims, there is clear legal authority that a creditor's attorney is permitted to obtain a debtor's credit report as part of both collection efforts and litigation related to collection. The Court can conceive of no amendment that would surmount that obstacle, and Plaintiff has proposed none.

**Conclusion**

Plaintiff's TCPA claim should have been plead as a compulsory counterclaim in the state litigation of this debt. His FCRA/FDCPA claims are rendered insufficient by legal authority indicating that the conduct of which he complains is permissible under the law. Finding that there is no amendment which could cure these defects, the Court DISMISSES Plaintiff's claims with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated: January 8, 2018.

Marsha J. Pechman
United States District Judge